UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LIVIA M. SCOTTO,

       Plaintiff,

v.                                                  Case No. 8:18-cv-1430-T-23MAP

JESSICA MARIE MCCLEAN,
VOLKS ANWALT, CRAIG
MARTIN, and LAUREN NESMITH,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is *pro se* Plaintiff's application to proceed in district court without prepaying fees or costs (doc. 2) pursuant to 28 U.S.C. § 1915.[1] The *pro se* Plaintiff has filed a purported negligence complaint against multiple Defendants asserting that this Court has diversity jurisdiction under 28 U.S.C. §1332 (doc. 1).[2] The complaint consists of disjointed and meaningless allegations against the four Defendants, one of which is a citizen, like Plaintiff, of Florida.

Under 28 U.S.C. § 1915(e)(2), the Court shall, "notwithstanding any filing fee, or any

---

[1] The District Judge has referred this matter to me.

[2] Since 2016, Plaintiff has filed 12 cases in the Middle District of Florida – with Jessica Marie McClean named as a defendant in seven of those cases, and Volks Anwalt named as a defendant in four of those cases.

portion thereof, that may have been paid," dismiss a dismiss a case that is frivolous or fails to state a claim. I find Plaintiff's case is subject to dismissal under the *in forma pauperis* statute. Further, I find that the complaint fails to establish a jurisdictional basis upon which this Court can hear Plaintiff's case. As discussed below, I recommend the District Judge deny Plaintiff's application to proceed in district court without prepaying fees or costs (doc. 2) and dismiss Plaintiff's complaint (doc. 1).

Section 1915 represents a balance between facilitating an indigent person's access to the courts and curbing the potentially vast number of suits by such persons, who, unlike those who must pay to litigate their claims, have no economic disincentive to filing frivolous or malicious suits once the *in forma pauperis* status is granted. A district court may conclude a case has little or no chance of success and dismiss the complaint when it determines from the face of the complaint that the factual allegations are "clearly baseless" or the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)(citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)); 28 U.S.C. § 1915(e)(2)(B). A complaint is "frivolous if it lacks an arguable basis in law or in fact." *Neitzke*, 490 U.S. at 325. Moreover, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Hagans v. Levine*, 415 U.S. 528, 536-37 (1974)(citation omitted).

Here, Plaintiff's complaint fits this mold. While it appears that Plaintiff is financially eligible to proceed *in forma pauperis* in this case and this Court is mindful that a *pro se* plaintiff's pleading must be construed liberally by the Court, Plaintiff's complaint fails to

state a claim. In fact, the complaint is wholly insubstantial and utterly devoid of merit, and because it is frivolous and amendment would be futile, I recommend that Plaintiff's complaint be dismissed.

Moreover, Plaintiff's complaint lacks allegations demonstrating that the Court has subject matter jurisdiction over Plaintiff's purported claims. Title 28 U.S.C. § 1332 grants federal district courts jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). A district court may exercise diversity jurisdiction only if there is complete diversity between the parties, that is, no two adverse parties are citizens of the same state. *Ranbaxy Labs. Inc. v. First Databank, Inc.*, 826 F.3d 1334, 1338 (11th Cir. 2016)(citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)). Because Plaintiff and one of the Defendants are both citizens of Florida, diversity is lacking, and this Court does not have subject matter jurisdiction over this action.

Accordingly, I recommend:

1. Plaintiff's application to proceed in district court without prepaying fees or costs (doc. 2) be **DENIED**; and

2. Plaintiff's complaint (doc. 1) be **DISMISSED**.

IT IS SO REPORTED at Tampa, Florida on June 19, 2018.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.