UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LIVIA M. SCOTTO,

    Plaintiff,

v.                                           Case No. 8:18-cv-1430-T-23AAS

JESSICA MARIE MCCLEAN, et al.,

    Defendants.
_____/

## **ORDER**

Livia Scotto moves for miscellaneous relief by title only and lacking content or support. (Doc. 23). Although her motion consists of twenty-two pages, each page is an identical hodgepodge of legal terms, proper nouns, and perplexing punctuation. (*Id.*).

Before addressing Ms. Scotto's motion, the undersigned instructs Ms. Scotto that she is prohibited from sending motions or correspondence to the undersigned's Chambers, like Ms. Scotto did with this motion. Pro se litigants, like Ms. Scotto, are subject to the same law and rules of court as a litigant represented by counsel and must therefore refrain from ex parte communications.[1] Ms. Scotto may communicate

---

[1] An ex parte communication is a communication to the court by a party without notice to the opposing party. The Law Dictionary, *What is Ex Parte?*, http://thelawdictionary.org/ex-parte/ (last visited Nov. 29, 2018).

with the undersigned only by filing documents on the public docket with the Clerk of Court.

Turning to Ms. Scotto's current filing, Local Rule 3.01(a) states the following:

> In a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request, all of which the movant shall include in a single document not more than twenty-five (25) pages.

Ms. Scotto's motion fails to satisfy Local Rule 3.01(a). Construing Ms. Scotto's motion as generously as possible, she includes multiple requests by title only without any support for why the court should grant her any relief. From what the undersigned can piece together, Ms. Scotto appears to move for the following: "withdrawal of the exhibits filed in all and any cases heretofore filed"; "recusal on appeal"; "impeachment of disbarment of McClean"; "supersedeas bonds"; "costs, shipping fees, UPS incurred due to judicial conduct"; and "production of documents." (Doc. 23).

A court can deny incomprehensible motions filed by pro se litigants. *See Thomason v. Ala. Home Builders Licensure Bd.*, 741 F. App'x 638 (11th Cir. 2018) (affirming district court decision to dismiss pro se litigant's "rambling" and "incoherent" complaint that contained "largely incomprehensible assertions"); *see also Betancourt v. Gen. Serv. of VA, Inc.*, No. 8:14-CV-1219-T-17MAP, 2015 WL

6446071 (M.D. Fla. Oct. 23, 2015) (denying multiple incomprehensible motions filed by pro se litigants).[2]

Ms. Scotto failed to explain why she is entitled to the relief she requests in her largely incomprehensible motion. Therefore, Ms. Scotto's motion for miscellaneous relief (Doc. 23) is **DENIED without prejudice**.

**ENTERED** in Tampa, Florida on December 3, 2018.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[2] *Betancourt* is an unpublished decision available on the public docket and Westlaw. The James J. Lunsford Law Library offers free access to legal databases, like Westlaw, to the public. The James J. Lunsford Law Library is located at 701 East Twiggs Street, Tampa, Florida 33602, and can be reached at 813-272-5818.